### DRESSER *a.* JENNINGS.

*Supreme Court; Kings Special Term, September,* 1856.

ALLOWANCE.—VALUATION OF PROPERTY.—WAIVER.

Under section 309 of the Code, the unsuccessful party has a right, upon an application for an allowance, to insist that there be a determination of the value of the property recovered ·or claimed in the action, pursuant to the section.

It is competent for such party to waive this right.

*Held* on motion to vacate an order granting an allowance :—

1. That as the moving papers did not show that when the order was granted, the unsuccessful party objected that no proper determination of the value of the property involved in the suit had been had, it must be presumed that the objection was not raised.

2. That the failure to raise it on the application for the allowance, was a waiver of the right to such a determination.

3. That the granting of an allowance being a matter within the discretion of the justice, his decision ought not to be reviewed on motion before another justice.

Motion to vacate an order granting an allowance.

This was an action to recover certain real property, situate in the village of Yonkers. The case was tried at the June circuit in Westchester county. After the plaintiff's proofs were closed, the judge deeming them insufficient, directed the jury to find a verdict for the defendant, and rendered a judgment dismissing the complaint. The defendant's attorney at the same time applied for, and the court granted him, an additional allowance of $100.

The plaintiff now moved to vacate and annul the order

Dresser *a.* Jennings.

granting that allowance. And he stated in his affidavit for the motion that no evidence was taken at the trial, or at any time, of the value of the property claimed by the plaintiff in the action; and that there was no determination of such value by the jury, by whom the action was tried; and that there was nothing before the court or jury by which to judge of what to allow defendant beyond his ordinary costs. On the part of defendant it was shown that the property sought to be recovered was worth $3,000. That the defendant's specific costs amount to only $24, besides disbursements. That plaintiff had made a case preparatory to an appeal.

The plaintiff in person, for the motion.

*R. W. Van Pelt*, opposed.

BIRDSEYE, J.—Section 309 of the Code provides that the rates of the allowance which, by the previous section, the court may make to a successful litigant shall be upon the value of the property recovered, or claimed, &c., and that such amount or value must be determined by the jury, court or referees, by whom the action is tried, or judgment rendered, &c. This provision, taken in connection with the percentages established in the preceding section, puts a limit upon the power of the court to compensate for the labors and expenses of difficult and extraordinary cases, or to discountenance the bringing of unfounded suits, or to punish unreasonable or unfair conduct in the prosecution or defence of suits properly brought or defended. For such, I apprehend, were the objects of the legislature in vesting the court with this new and singular power of adjusting to a great degree the costs of a suit, according to the particular circumstances of the case disclosed at the trial. This limitation, it is clear, was introduced for the benefit of the unsuccessful party. Though willing to trust much to the discretion of the court, the law has wisely laid down certain bounds for the exercise of that discretion.

But any person may waive the benefit of whatever rule the law has established for his protection. Instead of going into proof before the jury to assess the value of the property by which the allowance was to be fixed, it was competent for the

parties to have agreed upon the value and had the jury find accordingly: or to have had the court act upon such an agreement, even without the intervention of the jury. The same might as well be done by tacit, as by express, agreement. And that, no doubt, was the fact here.

It sufficiently appears that the objection now raised was *not* taken at the trial; for the moving affidavit is entirely silent on the subject. Had it been, it would at once have been corrected. But, as is obvious, when the allowance was applied for, the main question discussed by the parties and considered by the court was merely,—What is a proper allowance under the circumstances of this case? The amount allowed by the court was so clearly within the limit the law had prescribed, that no person, not even the party who was himself to pay this allowance, thought of requiring the court to go through the useless formality of an assessment.

It seems to me that the plaintiff is as clearly estopped by such silence, as he would be by a direct agreement. It is to be observed that he does not claim to have suffered any injury from the omission of the assessment: nor allege that the amount given is greater than could have been given, after an assessment. I feel bound to hold, therefore, that in such a case as this, the failure to urge such a merely technical objection at the time when it can be corrected, and the defect supplied, is a waiver of it. As the courts would never arrest judgment, for the want of a material allegation in the declaration, if it were such that without proving it at the trial the plaintiff could not have had a verdict, and there was a verdict for the plaintiff, so here when such an allowance could not have been granted, without the court had had sufficient evidence of the value of the premises, and it has made the allowance, that order must stand. It may be true as stated in the affidavit, that no assessment was had. But I must presume that the court acted on some other and sufficient grounds. And on this point the plaintiff is silent.

Such, I think, would be the rule, even if this application did not concern a matter which has been uniformly held to be within the discretion of the court making the allowance. It is peculiarly proper to apply the principle here. By rule 81,

application for an additional allowance, can only be made to the court before which the trial is had, or the judgment rendered. When the application has been decided, that decision cannot be reviewed by appeal, whether the allowance be granted or refused. (Dickson *v.* McElwain, 7 *How. Pr. R.*, 138; Cook *v.* Dickinson, 5 *Sandf. S. C. R.*, 663; Dana *v.* Fiedler, 1 *C. R. N. S.*, 224.)

If the proper appellate tribunal will not examine an order which is the exercise of a judicial discretion, much more should not a single judge collaterally review, upon a mere special motion like this, the exercise of such a discretion on the part of a brother judge of the same court, who had before him the whole case, and whose decision is incorporated in the judgment, and becomes a part of it.

The motion of plaintiff is denied, but without costs, as the question is new.

---

## LEE *a.* WATKINS.

*Supreme Court, First District ; Special Term, September,* 1856.

LEAVE TO ISSUE EXECUTION.—VALIDITY OF JUDGMENT.

Upon an application for leave to issue execution under section 284 of the Code, the court cannot go behind the judgment, or inquire into its validity.

Thus the judgment debtor cannot be heard to show that no summons was ever served upon him in the action in which the judgment was rendered.

Application for leave to issue execution.

CLERKE, J.—Pursuant to my previous course in similar cases, I was disposed to refer this application, in order to ascertain whether the allegation of the defendant is true.

This being an application by the plaintiffs under section 284 of the Code, for leave to issue execution after the lapse of five years from the entry of the judgment, the defendant swears that he never was served with any summons in this action, and never had any notice of the action, until September 22, 1856. On reflection, I think, I cannot go behind the judgment; the only inquiry contemplated by the Code on such